STROTEK CORPORATION, Plaintiff—Appellant,

v.

AIR TRANSPORT ASSOCIATION OF AMERICA; Airbus Industrie of North America; Alaska Airlines, Inc.; America West Airlines, Inc.; American Airlines, Inc.; McDonnell Douglas Corporation; Continental Airlines Inc.; Delta Airlines, Inc.; Boeing Aircraft Co.; Federal Express Corporation; Regional Airline Association; Southwest Airlines Inc.; Trans World Airlines, Inc.; United Airlines, Inc; US Airways, Inc., Defendants—Appellees.

No. 01–16481.

D.C. No. CV–00–00065–ECR.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 10, 2002.

Decided Aug. 22, 2002.

Before CANBY and RYMER, Circuit Judges, and BERTELSMAN, Senior District Judge.[*]

## MEMORANDUM [**]

Strotek Corporation appeals from summary judgment on its defamation and conspiracy claims. We have separately affirmed in a published opinion the denial of Strotek's motion to remand. Here, we affirm the grant of summary judgment.

### I

On appeal, Strotek identifies four allegedly defamatory statements which it attributes to Boeing Aircraft Co., the Air Transport Association of America (ATA), and the Regional Airline Association (RAA): (1) the April 12, 1994 letter from Boeing; (2) the December 8, 1994 statement of ATA reported in *Aviation Daily;* (3) comments made in the RAA's June 30, 1994 Tech/Ops bulletin; and (4) further comments made in the December 14, 1994 Tech/Ops bulletin. Strotek also claims that the district court should have considered other, allegedly defamatory state-

ments which Strotek identified in opposition to summary judgment but which were not set forth in Strotek's complaint.

We agree with the district court that, as a matter of law, none of the four statements charged in Strotek's complaint is susceptible of a defamatory interpretation. They all took place in the context of a vigorous debate about strobe light life, testing and replacement in the regulatory arena, and in that context are expressions of evaluative opinion. To the extent that any of the statements might imply an assertion of fact, they do not contain information that would tend to lower Strotek in the estimation of the community. *See PETA v. Bobby Berosini, Ltd.,* 111 Nev. 615, 895 P.2d 1269, 1272 n. 2, 1275 (1995). Thus, none is defamatory.

█ Nor was the district court obliged to consider statements not set forth in Strotek's pleadings. Although Strotek does not dispute that defamatory statements should be pleaded with particularity, it claims that the district court abused its discretion by not allowing Strotek to amend its pleadings to put the additional statements in issue. However, nothing in the record indicates that Strotek ever sought leave to amend—either before or after the summary judgment motions were brought. Under these circumstances, the district court did not err in limiting its analysis to the statements pled in Strotek's complaint.

### II

█ Strotek also contends that the district court dismissed its civil conspiracy claim in the erroneous belief that the claim was barred by the collateral estoppel effect of the earlier dismissal of Strotek's antitrust claim in *Strotek I.* We need not de-

---

[*] Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

cide this question, however, as it is clear from the court's order that it dismissed the civil conspiracy claim because there is no evidence of a conspiracy to defame Strotek. The court simply incorporated its reasoning from specific parts of its decision in *Strotek I* where it explained in detail why there was no agreement to do anything unlawful, and none with respect to making defamatory statements. Strotek does not challenge the substance of that analysis, nor does it point to facts in the record that would raise a triable issue regarding the alleged conspiracy. Summary judgment was therefore proper.

This disposition makes it unnecessary to reach the parties' alternative arguments.

AFFIRMED.